Joey Gilbert (SBN 9033)
John Neil Stephenson (SBN 12497)
JOEY GILBERT LAW
201 W. Liberty Street, Suite 310
Reno, NV 89501
Tel: 775-284-7700
Fax: 775-403-1763
Email: john@joeygilbertlaw.com
Web: joeygilbertlaw.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **JESSIE JAMES DRAKE, an individual,** | Case No.: |
| **Plaintiff.** | **PLAINTIFF'S VERIFIED COMPLAINT** |
| vs. | |
| **SCHEELS SPORTING GOODS, a corporate entity, and** | **(JURY TRIAL DEMANDED)** |
| **ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC.** | |
| **FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and** | |
| **DOES 1 to 10.** | |
| **Defendants.** | |

COMES NOW, Plaintiff JESSIE JAMES DRAKE, through his undersigned counsel, and hereby avers as follows:

///

///

1

## INTRODUCTION

1. Plaintiff JESSIE JAMES DRAKE is a technician with a recreational vehicle company. Prior to the injury discussed below, he was an avid musician (piano, guitar, percussion instruments, harmonica etc.), firearms enthusiast, and swimmer. The injury has dramatically impacted his ability to perform these activities. Plaintiff has never been charged or convicted of felony or crime involving dishonesty.

2. Defendant SCHEELS SPORTING GOODS is a corporate entity with its principal place of business (corporate headquarters) located in Fargo, North Dakota. Defendant SCHEELS SPORTING GOODS owns and operates a store located at 1200 Scheels Drive, Sparks, NV 89434.

3. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC., is a corporate entity with its principal place of business (corporate headquarters) in Newington, Virginia.

4. Defendant FEDERAL CARTRIDGE CORPORATION is a corporate entity with its principal place of business (corporate headquarters) in Anoka, Minnesota. Defendant FEDERAL CARTRIDGE CORPORATION does business under the AMERICAN EAGLE brand name.

5. Defendants DOES 1-10 are involved in the manufacturing, assembly, packaging, and distribution of 50 caliber BMG rifle cartridges. This Complaint will be amended during the course of discovery to state their identities.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332 as the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.

///

2

7. Venue lies in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2) as Defendants' errors and/or omissions that give rise to Plaintiff's claims arose in the City of Sparks, County of Washoe, State of Nevada. Plaintiff is a resident of Washoe County.

**BACKGROUND**

8. On February 12, 2015 at around 7:00 p.m., Mr. Drake, a customer, entered the Scheels Sporting Goods store located at 1200 Scheels Drive, Sparks, NV 89434 with the intent to purchase ammunition. He was accompanied by his friend, Kody Faurbach.

9. Mr. Drake and his friend proceeded to the second floor and entered the ammunition section of the store. Mr. Drake picked up a box of American Eagle XM33 that contained ten, 50 caliber BMG centerfire rifle cartridges to examine the contents thereof. The paper that held and separated the cartridges within the box immediately feel apart in Mr. Drake's hands and one of the rounds hit the carpeted floor.

10. The subject 50 caliber BMG rifle cartridge improperly exploded on impact with the floor, injuring Mr. Drake.

11. The casing of the subject 50 caliber BMG rifle cartridge is highly corroded.

12. On information and belief, Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC., and/or DOES 1-10 defectively manufactured the anvil and/or cup so as to cause the primer to initiate/activate/detonate/ignite upon contact with the carpeted floor.

13. Alternatively, on information and belief, Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC., and/or DOES 1-10 defectively assembled the cartridge so as to cause the primer to initiate/activate/detonate/ignite upon contact with the carpeted floor.

14. Alternatively, on information and belief, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE defectively packaged the cartridges with a substandard separator, which allowed the subject cartridge to fall out of the box and onto the floor.

15. Alternatively, on information and belief, Defendant SCHEELS SPORTING GOODS did not adequately inspect and maintain its carpets and/or did not clean its carpet at a reasonable frequency therefore allowing debris to accumulate thereon. At this time, it appears that shot from a shotgun shell on the ground was the culprit. The primer of the 50 caliber BMG rifle cartridge ignited when it struck this debris (shot).

16. A 50 caliber BMG rifle cartridge does not normally initiate/activate/detonate/ignite upon contact with the carpeted floor. The occurrence of such an unusual accident, under the theory of *res ipsa loquitur*, implies negligence by Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC., Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, Defendant SCHEELS SPORTING GOODS, and/or DOES 1-10.

17. The theories presented in Paragraphs 12 to 15 are not mutually exclusive and each Defendant may bear partial fault for Mr. Drake's injuries under the theory of joint and several liability.

18. On information and belief, Defendant SCHEELS SPORTING GOODS possesses and controls the subject ammunition and carpeting. This evidence must undergo invasive testing and experimentation during the course of discovery to further ascertain the identity of the responsible part(ies) and the cause of the explosion.

**DAMAGES**

19. As a direct and proximate result of Defendants' deficient conduct, Plaintiff has suffered bodily injury, lost wages, loss of future earnings, and loss of employment opportunities, in an amount exceeding $75,000, to be proved at trial.

4

20.     Plaintiff is entitled to punitive damages against Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC., and Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE for its wanton and malicious conduct in the patently substandard manufacture, assembly, and packaging/distribution of the subject cartridges. This conduct reflects a conscious disregard of Plaintiff's health and safety.

## COUNT 1
### *(Strict Liability for Ultrahazardous Activity)*

21.     Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

22.     Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, and/or DOES 1 to 10 were engaged in an ultrahazardous activity: the manufacture and assembly of 50 caliber BMG rifle cartridges.

23.     Mr. Drake was injured as a direct and proximate result of this ultrahazardous activity.

24.     Mr. Drake's injury (damaged eardrum, injured leg etc.), was the kind of harm that would be anticipated as a result of the risk created by the assembly and manufacture of 50 caliber BMG rifle cartridges, i.e., explosion and shrapnel discharge.

25.     Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, and/or DOES 1 to 10 assembly and manufacture of 50 caliber BMG rifle cartridges was a substantial factor in causing Mr. Drake's harm.

26.     Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE is ultimately, jointly, and severely responsible with Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC for the injuries suffered by Plaintiff as the ammunition was sold under its name/brand.

27. Mr. Drake seeks punitive damages against Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10 for its wanton and malicious conduct in manufacturing and assembling the highly defective cartridge.

## COUNT 2
*(Negligent Assembly/Manufacture/Distribution)*

28. Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

29. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, and/or DOES 1 to 10 was engaged in the assembly and manufacture of 50 caliber BMG rifle cartridges.

30. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, and/or DOES 1 to 10 owed a duty of care to potential customers, such as Plaintiff, to assemble and manufacture the 50 caliber BMG rifle cartridges in a reasonably safe manner.

31. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10 breached their/its duty of care when they assemble, manufacture, and distributed 50 caliber BMG rifle cartridges with corrosion, defective cups/anvils/primers, and a box with an unreasonably weak cardboard separator.

32. Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE is ultimately, jointly, and severely responsible with Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC for the injuries suffered by Plaintiff as the ammunition was sold under its name/brand.

33. Mr. Drake was injured as a direct and proximate result of this breach of duty.

6

## COUNT 3
### *(Strict Liability for Manufacturing Defect)*

34. Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

35. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10 manufactured, distributed, and/or sold the defective product, a 50 caliber BMG rifle cartridge.

36. The cartridge contained a manufacturing defect when it left the control of Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10.

37. Plaintiff was injured when the cartridge improperly exploded on the floor. And,

38. The defective cartridge was a substantial factor in causing Plaintiff's harm.

## COUNT 4
### *(Strict Liability for Failure to Warn)*

39. Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

40. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10 manufactured, distributed, and/or sold the defective product, a 50 caliber BMG rifle cartridge.

41. The cartridge had potential risks (i.e., explosion on contact with carpet) that were known or knowable in light of the scientific knowledge that was generally accepted in the scientific/firearms community at the time of manufacture, distribution, and/or sale.

42. The potential risks (i.e., explosion on contact with carpet) presented a substantial danger when the 50 caliber BMG rifle cartridge was used in a reasonably foreseeable way, as is the case here when Plaintiff, a customer, inspected a cartridge in a box.

43. Ordinary consumers/customers, such as Plaintiff, would not have recognized the potential risk of explosion from inspecting a cartridge in a box and having it fall through and hit the ground.

44. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10 failed to adequately warn of the aforesaid potential risk.

45. Plaintiff was harmed as a proximate result of this failure to adequately warn. And,

46. This lack of sufficient warning was a substantial factor in causing Plaintiff's harm.

## COUNT 5
### *(Negligence for Failure to Warn)*

47. Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

48. The allegations set forth in Count 4 are incorporated by reference and are again reset forth under a negligence theory of recovery.

## COUNT 6
### *(Negligent Packaging)*

49. Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

50. Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or

1  DOES 1 to 10 improperly packaged the subject 50 caliber BMG rifle cartridges with a paper/cardboard
2  separator within the box that disintegrated.

3  51.  This deficient packaging improperly allowed the subject cartridge to fall onto the floor
4  through no fault of Plaintiff, resulting in an explosion.

5  52.  Plaintiff was injured as a direct and proximate result of this deficient packaging and
6  resulting explosion.

## COUNT 7
### (Implied Warranty of Merchantability)

53.  Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

54.  Plaintiff examined, and intended to purchase, the subject 50 caliber BMG cartridge manufactured, assembled, distributed, packaged and sold by Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10.

55.  At the time of purchase, Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10 was in the business of selling these goods.

56.  The subject 50 caliber BMG rifle cartridge was not of the same quality as those generally acceptable in the trade.

57.  The subject 50 caliber BMG rifle cartridge was not fit for the ordinary purposes for which such goods are used.

55.  Plaintiff did not have an opportunity to notify Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE

CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10 of the deficient quality of the product prior to being harmed.

58.   Plaintiff suffered an injury as a proximate result of this breach of implied warranty of merchantability.

59.   The failure of the subject 50 caliber BMG rifle cartridge to have the expected quality was a substantial factor in causing Plaintiff to suffer injury.

### COUNT 8
*(Negligent Maintenance/Inspection)*

60.   Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

61.   Defendant SCHEELS SPORTING GOODS has a duty of due care to ensure the safety of its customers such as Mr. Drake.

62.   Defendant SCHEELS SPORTING GOODS breached its duty when it failed to adequately inspect and maintain its carpets and/or failed to clean its carpet at a reasonable frequency therefore allowing debris to accumulate thereon.

63.   Mr. Drake was injured as a direct and proximate result of this carelessness when the subject cartridge landed on a floor with debris, causing the primer to ignite.

### MISCELLANEOUS
*(Res Ipsa Loquitur)*

64.   Each applicable fact and allegation set forth above is incorporated by reference as if fully set forth herein.

65.   Should it be determined that *Res Ipsa Loquitur* needs to be plead as a separate claim/count/cause of action, this theory of relief is set forth against Defendant ALLIANT

TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE, and/or DOES 1 to 10.

66. A 50 caliber BMG rifle shell does not fall through the box's inner cardboard separator and explode on contact with carpet in the absence of negligence. The aforesaid Defendants are jointly and severely liable for this negligence and it is their burden to ascertain which Defendant(s) were/was responsible for this calamity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Award Plaintiff compensatory damages against each Defendant.

2. Award Plaintiff general damages against each Defendant.

3. Award Plaintiff punitive damages against Defendant ALLIANT TECHSYSTEMS OPERATIONS LLC, a subsidiary of ORBITAL ATK, INC, and Defendant FEDERAL CARTRIDGE CORPORATION dba AMERICAN EAGLE.

4. Award Plaintiff pre-judgment and post-judgment interest against each Defendant.

5. Award Plaintiff's counsel reasonable attorney's fees and costs and pursuant to FRCP 68 should an offer of judgment be made and not accepted. And,

6. Grant Plaintiff such other and further relief as may be just and proper under the circumstances.

///
///
///
///
///

# JURY TRIAL

Plaintiff requests a jury trial pursuant to the Seventh Amendment to the United States Constitution as to all claims for damages.

Dated: August 31, 2016

Respectfully submitted by,

JOHN NEIL STEPHENSON
Nevada Bar No. 12497
*Counsel for Plaintiff*

# VERIFICATION

I, Plaintiff JESSIE JAMES DRAKE, hereby declare under the penalty of perjury that the facts and allegations presented in this Complaint are true and accurate to the best of my knowledge and belief.

Dated: August 23, 2016 in Reno, Nevada

Plaintiff JESSIE JAMES DRAKE

Sworn before me by aforesaid Plaintiff on August 23, 2016

Notary Public

THADDEUS P. MORALES
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 16-1952-2 - Expires March 24, 2020

12