**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JESSE JAMES DRAKE,                        )        3:16-cv-00518-HDM-WGC
                                          )
                  Plaintiff,              )
                                          )        ORDER
vs.                                       )
                                          )
SCHEELS SPORTING GOODS,a                  )
corporate entity, ALLIANT                 )
TECHSYSTEMS OPERATIONS, LLC, a            )
subsidiary of ORBITAL ATK, INC., )
FEDERAL CARTRIDGE CORPORATION dba
AMERICAN EAGLE, and DOES 1to 10,

                  Defendant.
_____

     Before the court is defendants Alliant Techsystems Operations,

LLC's and Federal Cartridge Corporation's ("A&F") motion for

summary judgment (ECF No. 41). Plaintiff Jessie James Drake

("plaintiff") has opposed (ECF No. 43), and A&F have replied (ECF

No. 45).

     In February 2015 plaintiff visited one of Scheels sporting

goods stores in Sparks, Nevada to purchase ammunition (ECF No. 1

(Complaint)). During his visit, plaintiff picked up a box of

American Eagle XM33C ammunition that contained .50 caliber BMG

rifle cartridges (*Id*.). After plaintiff opened the box, one of the

1

cartridges became dislodged and discharged when it fell to the floor inside Scheels' store (*Id*.).

On August 31, 2017, plaintiff filed a complaint alleging several claims against A&F including: (1) strict liability for ultrahazardous activity; (2) strict liability for manufacturing defect; (3) strict liability for failure to warn; (4) negligence; and (5) breach of implied warranty of merchantability (ECF No. 1 (complaint)). A&F moved for summary judgment on each of plaintiff's claims (ECF No. 41).

## I. Legal standard

Summary judgment shall be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers Int'l Ass'n,* 804 F.2d 1472, 1483 (9th Cir. 1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). "[T]here is no issue for trial unless there is

1  sufficient evidence favoring the nonmoving party for a jury to

2  return a verdict for that party.  If the evidence is merely

3  colorable, or is not significantly probative, summary judgment may

4  be granted."  *Id*. at 249-50 (citations omitted).  "A mere scintilla

5  of evidence will not do, for a jury is permitted to draw only those

6  inferences of which the evidence is reasonably susceptible; it may

7  not resort to speculation."  *British Airways Bd. v. Boeing Co.,* 585

8  F.2d 946, 952 (9th Cir. 1978).

9  **II.  Analysis**

10      **A.    Strict liability for ultrahazardous activity**

11      In his complaint, plaintiff claims that A&F were engaged in

12  the ultrahazardous activity of manufacturing .50 caliber rifle

13  cartridges, and plaintiff was injured as a direct and proximate

14  result of that activity.  A&F respond that they were not engaged in

15  ultrahazardous activity and there is thus no issue of material fact

16  for trial.

17      Manufacturing and assembling .50 caliber rifle cartridges can

18  be accomplished safely with reasonable care, is commonplace, is

19  appropriate when carried on in a manufacturing facility*,* and does

20  not pose a high degree of risk when safety precautions are taken.

21  *See Valentine v. Pioneer Chlor Alkali Co.*, 864 P.2d 295, 297 (Nev.

22  1993) (providing factors for determining whether an activity is

23  ultrahazardous).  Plaintiff has failed to present any evidence

24  establishing that the manner in which A&F manufactured and

25  assembled .50 caliber rifle cartridges constituted an

26  ultrahazardous activity.  Because plaintiff has failed to show by

27  specific facts the existence of an issue of material fact for

28  trial, A&F is entitled to summary judgment on plaintiff's strict

3

1 liability ultrahazardous activity claim.

2     **B.    Strict liability for manufacturing defect**

3     Plaintiff claims that the cartridge was defective and was a

4 substantial factor in causing plaintiff's injury.  In support of

5 their motion for summary judgment, A&F argue that the cartridge was

6 not defective and, even if it was, any defect was not the legal

7 cause of plaintiff's injury.

8     Under Nevada law, a plaintiff can successfully bring a strict

9 products liability claim if he shows that "(1) the product had a

10 defect which rendered it unreasonably dangerous, (2) the defect

11 existed at the time the product left the manufacturer, and (3) the

12 defect caused the plaintiff's injury." *Fyssakis v. Knight Equip.*

13 *Corp.*, 826 P.2d 570, 571 (Nev. 1992).  Also, "[t]he plaintiff must

14 show that the design defect in the product was a substantial factor

15 in causing his injury." *Price v. Blaine Kern Artista, Inc.*, 893

16 P.2d 367, 370 (Nev. 1995).  Finally, if the injury would have

17 occurred "notwithstanding some abstract defect in the involved

18 product, the manufacturer may be absolved of liability." *Id*.

19     In support of their motion for summary judgment, A&F filed

20 affidavits from two experts who both opined that the cartridge was

21 not defective and no defect caused plaintiff's injury (ECF No. 41

22 (Def. Mot. Summ. J. Exs. C & D)).  Steven Rodgers, product safety

23 manager for Vista Outdoor, a parent company of A&F, reviewed the

24 evidence in this case and determined that neither the fired

25 cartridge nor the packaging that housed it was defective.  (*Id*. Ex.

26 C (Rodgers Aff. ¶ 17, 25)).  Similarly, Kevin Vest, test engineer

27 at Orbital ATK, reviewed the evidence and concluded that the fired

28 cartridge was not defective and the primer in the cartridge

4

functioned as designed.  (*Id*. Ex. D (Vest Aff. ¶ 12)).  A&F have

thus provided the court with evidence that the cartridge and

packaging were not defective and that no defect in the cartridge or

packaging caused plaintiff's injury.

Plaintiff has not produced any evidence or specific facts to

refute this evidence other than his conclusory opinion that the

product was defective and has therefore failed to establish a

genuine issue of material fact for trial.  Thus, A&F are entitled

to summary judgment on plaintiff's strict product liability claims.

### C.   Strict liability for failure to warn

Plaintiff claims that A&F failed to adequately warn consumers

of the potential risk that a cartridge could discharge if it were

dropped and hit the ground.  In their motion for summary judgment,

A&F argue that plaintiff has failed to identify how A&F's purported

failure to warn caused plaintiff's injury.  Thus, A&F argue, they

are entitled to summary judgment on plaintiff's strict liability

for failure to warn claim.

"In Nevada, when bringing a strict product liability failure-

to-warn case, the plaintiff carries the burden of proving, in part,

that the inadequate warning caused his injuries." *Rivera v. Philip*

*Morris, Inc*. 209 P.3d 271, 274 (Nev. 2009).  In order to bring a

successful failure to warn claim, "a plaintiff must produce

evidence demonstrating the same elements as in other strict product

liability cases: (1) the product had a defect which rendered it

unreasonably dangerous, (2) the defect existed at the time the

product left the manufacturer, and (3) the defect caused the

plaintiff's injury."  *Id*. at 275 (internal quotation marks

omitted).  In failure to warn cases, "[a] product may be found

unreasonably dangerous and defective if the manufacturer failed to provide an adequate warning." *Id*.

In support of their motion for summary judgment, A&F produced deposition testimony from plaintiff in which he testified that he had bought ammunition before and was familiar with warnings such as "handle with care," "live ammunition," and "don't drop." (ECF No. 41 ((Def. Mot. Summ. J. Ex. A (Drake Dep. at 138))). The ammunition box that contained the fired cartridge contained clear, unambiguous warnings including "discharge may occur if primer is struck; handle with caution, do not drop." (*Id*. Ex. C (Rodgers Aff. Ex. C1)). A&F have therefore provided through discovery evidence that the ammunition was not defective for lack of an adequate warning. A&F have also produced evidence that a failure to warn was not the cause of plaintiff's injury.

Plaintiff has not shown by facts or evidence that A&F's failure to warn was the cause of his injuries or that A&F's product was otherwise defective. Thus, A&F are entitled to summary judgment on plaintiff's strict liability for failure to warn claim.

**D. Negligence**

Plaintiff alleges that A&F negligently assembled, manufactured, and distributed the fired cartridge and the box which housed the cartridge. Plaintiff also alleges that A&F negligently packaged the fired cartridge and negligently failed to warn plaintiff of the possible hazards associated with handling live ammunition. Finally, plaintiff claims that he is entitled to the presumption of negligence under the res ipsa loquitur doctrine. A&F respond that plaintiff cannot prevail on his negligence claims as a matter of law and defendants are thus entitled to summary

6

judgment.

"A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008). Put differently, "[n]egligence is failure to exercise that degree of care in a given situation which a reasonable man under similar circumstances would exercise." *Driscoll v. Erreguible*, 482 P.2d 291, 294 (Nev. 1971).

In support of their motion for summary judgment, A&F again direct the court to the expert opinions of Mr. Rodgers and Mr. Vest (ECF No. 41 (Def. Mot. Summ. J. Exs. C & D)). As noted above, both of A&F's experts opined that neither the fired cartridge nor the packaging in which it was housed was defective or negligently manufactured, assembled, or distributed (*Id.*). A&F also point out that the warning label on the ammunition box was clear, conspicuous, and adequately warned the consumer that live ammunition is volatile and should be handled with care. (*Id*. Ex. C (Rodgers Aff. Ex. C1)).

A&F have presented evidence that they did not breach any duty of care to plaintiff. A&F have also presented the court with evidence that A&F's conduct was not the cause of plaintiff's injury. Plaintiff has failed to produce evidence in support of his negligence claim. Therefore, there is no issue of material fact for trial on this claim.

Alternatively, plaintiff argues that he is entitled to a presumption of negligence under the res ipsa loquitur doctrine. "Res ipsa loquitur is an exception to the general negligence rule, and it permits a party to infer negligence, as opposed to

7

affirmatively proving it, when certain elements are met." *Woosley v. State Farm Ins. Co.*, 18 P.3d 317, 321 (Nev. 2001).  Those elements are:

> (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) the event must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Id*.  Plaintiff argues that "a [.]50 caliber BMG rifle shell does not fall through the box's inner cardboard separator and explode on contact with carpet in the absence of negligence" (ECF No. 1 (Complaint 11)).

In their motion for summary judgment, A&F again direct the court to Mr. Rodgers' affidavit wherein he opined that plaintiff's handling of the ammunition box caused the fired cartridge to fall. (ECF No. 41 (Def. Mot. Summ. J. Ex. C (Rodgers Aff. ¶ 20)).  Mr. Rodgers also stated that the ammunition box was built to factory specifications and was damaged after it left defendant's control. (*Id*.)  Thus, A&F have produced evidence that tends to show that the event leading to plaintiff's injuries was caused by an instrumentality outside A&F's control and plaintiff voluntarily contributed to the same event.

In opposing defendants' motion, plaintiff asserts "that the cartridge normally would not go off" but "did go off" resulting in bodily injury (ECF No. 43 (Pl. Opp. 2)).  However, plaintiff has admitted that he handled the ammunition box and the ammunition

8

1  prior to discharge.  Therefore, at the time the cartridge

2  discharged, both the box and the cartridge were in the exclusive

3  physical control of plaintiff and not A&F or Scheels.  Accordingly,

4  plaintiff has failed to establish the second element necessary for

5  application of the res ipsa loquitur doctrine, to wit, the

6  cartridge and box were not within the exclusive control of A&F.

7  Thus, A&F are entitled to summary judgment on plaintiff's

8  negligence claims.

9       **E.    Breach of implied warranty of merchantability**

10      Finally, plaintiff argues that A&F breached the implied

11  warranty of merchantability because "[t]he subject [.]50 caliber

12  BMG rifle cartridge was not fit for the ordinary purpose for which

13  such goods are used." (ECF No. 1 (Complaint)).  A&F argue that the

14  cartridge was not defective and that plaintiff has failed to make

15  out a claim for breach of implied warranty of merchantability.  As

16  noted above, A&F have presented evidence that the fired cartridge

17  was not defective.

18      Again, plaintiff has presented no evidence to refute A&F's

19  evidence that the cartridge was not defective.  Furthermore,

20  plaintiff has not produced facts or evidence tending to show that

21  the cartridge was unfit for its ordinary purpose.  Finally,

22  plaintiff has not asserted that A&F otherwise breached the implied

23  warranty of merchantability and A&F are thus entitled to summary

24  judgment on that claim.  *See* NRS 104.2314 (providing the standard

25  goods must meet in order to be merchantable for purposes of the

26  implied warranty of merchantability).

27

28

9

## III. Conclusion

In short, plaintiff has not presented any facts or evidence to refute A&F's motion for summary judgment and no genuine issue of material fact exists for trial. A&F are therefore entitled to summary judgment on all of plaintiff's claims. Accordingly, A&F's motion for summary judgment (ECF No. 41) is hereby **GRANTED**. Each party will bear its own costs and fees.

**IT IS SO ORDERED.**

DATED: This 13th day of February, 2018.

_____
UNITED STATES DISTRICT JUDGE